IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RUSSELL RAY BAMBARGER, )
    *Plaintiff*, )
)
v. ) Civil Action No.:
)
AMERISTEP, INC., ) **COMPLAINT**
Serve: Larry C. Wehner, Registered Agent )
      901 Tacoma Court )
      Clio, MI 48420 )
    *Defendant*. )
)

COMES NOW, the plaintiff, Russell Bambarger, by counsel, files this Complaint against the Defendant Ameristep, Inc. (*"Ameristep"*) and in support thereof states as follows:

### JURISDICTION AND VENUE

1. At all times relevant hereto, plaintiff was a citizen of the Commonwealth of Virginia.

2. At all times relevant hereto, Ameristep is and was an entity formed under the laws of the State of Michigan with its principle place of business in a location other than the Commonwealth of Virginia. At all times relevant hereto, Ameristep was engaged in the design, development, manufacture, distribution, and sale of outdoor hunting and adventure equipment, including a tree step that is the subject matter of this case.

3. The amount in controversy exceeds $75,000 exclusive of costs and interest.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction is proper with respect to the Defendant pursuant to Virginia Code § 8.01-328.1 and requisite minimum contacts with the Commonwealth of Virginia.

5. The claim which is the subject matter of this litigation arose in Floyd County, Virginia. Venue, therefore, is proper in this Court in accordance with 28 U.S.C. § 1391(a).

## FACTS

6. Plaintiff purchased an Ameristep tree step (the *"Step"*) at the Wal-Mart Supercenter located at 2400 North Franklin Street in Christiansburg, Virginia.

7. The Step is a metal, L-shaped bar which screws into a tree truck. In combination with other steps placed approximately 18 inches apart, it helps a hunter reach his or her tree stand.

8. On or about October 9, 2009, the plaintiff was using the Step in Floyd County, Virginia in its original condition when sold, unaltered and not modified, in a manner which was intended and foreseeable by the Defendants. While approximately twenty-five (25) feet above ground, the Step on which plaintiff was standing failed due to the inadequate design, manufacture, and heat treatment or hardening, strengthening, tempering, quenching or annealing of the Step and its materials, causing the plaintiff to fall to the ground with great force sustaining serious and permanent injuries.

## COUNT ONE

9. The plaintiff incorporates by reference the allegations set forth in paragraphs 1 though 8 above.

10. At all times relevant to this action, the Ameristep owed a duty to design, manufacture, advertise, distribute, sell and deliver a product that is reasonably safe for its intended uses and for its reasonably foreseeable uses. The design and manufacture of the Step by the Ameristep was negligent and defective and caused the Step to fail.

11. Ameristep was negligent in at least the following respects:

    a.    Designing, manufacturing, advertising, distributing, selling and delivering a Step that was not reasonably safe when used to climb trees to access a tree stand and when used in foreseeable ways;

    b.    Designing, manufacturing, advertising, distributing, selling and delivering a Step that was not properly heat treated or otherwise hardened, strengthened, tempered, quenched or annealed so as to cause it to break when used in foreseeable ways; and

    c.    All other breaches of duties found through discovery.

12.    As a direct and proximate result of the Ameristep's negligence, the Step failed, causing the plaintiff to fall approximately twenty-five (25), further causing him to suffer severe bodily injuries.

## COUNT TWO

13.    The plaintiff incorporates by reference the allegations set forth in paragraphs 1 though 12 above.

14.    The Ameristep impliedly warranted to the plaintiff and all others whom it could reasonably expect to use, or be affected by, the Step in question, that the Step was of merchantable quality and fit for its intended and ordinary uses and for the general and particular purposes for which the Step was designed, manufactured, marketed, distributed, sold and delivered.

15.    Ameristep breached the aforesaid warranties in that the Step was neither merchantable, suitable, fit nor safe for its intended and ordinary purpose, nor the general purpose for which it was intended. The Step was defective in that it was unreasonably dangerous as a result of being improperly designed, manufactured, heat treated or otherwise hardened, strengthened, tempered, quenched or annealed. Further, the Step were defectively and

unreasonably dangerous in that they were improperly designed, manufactured, heat treated or otherwise hardened, strengthened, tempered, quenched or annealed with inadequate inspection and testing.

16.     Ameristep made express warranties that the Step was safe and could be used and operated with safety; the Step did not conform to such express warranties made by the Ameristep.

17.     As a direct and proximate result of the Ameristep's breaches of warranty, both express and implied, the Step failed, causing the plaintiff to fall approximately twenty-five (25), further causing him to suffer severe bodily injuries.

## PRAYER FOR RELIEF

18.     The plaintiff incorporates by reference the allegations set forth in paragraphs 1 though 17 above.

19.     As a direct and proximate result of the negligence and breach of implied and express warranties alleged above, the plaintiff sustained serious and permanent injuries, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind; has incurred and will incur in the future hospital, doctors' and related bills in an effort to be cured of said injuries, and has incurred other foreseeable serious and permanent injuries as a result of his initial injuries.

WHEREFORE, the plaintiff moves the Court for entry of judgment against the Defendant in the amount of Five Million Dollars ($5,000,000.00) with interest thereon from October 9, 2009.

A TRIAL BY JURY IS DEMANDED.

        Respectfully Submitted,
        RUSSELL BAMBURGER

By:    *s/ D. Stephen Haga, Jr.*
       Of Counsel

D. Stephen Haga, Jr.
Virginia Bar Number: 19125
Kristopher R. Olin
Virginia Bar Number: 78890
Attorneys for Plaintiff
THE HAGA LAW FIRM, PLC
27 Scattergood Drive, NW
Christiansburg, Virginia 24073
Telephone: (540) 382-6321
Fax: (540) 381-2884
Email: Steve.haga@hagalaw.com
Email: Kris.olin@hagalaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 4, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ameristep, Inc.
c/o Larry C. Wehner, Registered Agent
901 Tacoma Court
Clio, MI 48420

        *s/ D. Stephen Haga, Jr.*
        D. Stephen Haga, Jr.
        Attorney for Plaintiff
        THE HAGA LAW FIRM, PLC
        27 Scattergood Drive, NW
        Christiansburg, Virginia 24073
        Telephone: (540) 382-6321
        Fax: (540) 381-2884
        Email: Steve.haga@hagalaw.com